In the Matter of THOMAS PASSINO et al., Appellants-Respondents, v JEFFERSON-LEWIS, et al., SCHOOL EMPLOYEES HEALTHCARE PLAN, Respondent-Appellant. [716 NYS2d 229] —Cross appeal unanimously dismissed and judgment affirmed without costs. Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to compel respondent to disclose items that respondent refused to provide to petitioners through a Freedom of Information Law (FOIL) request (*see,* Public Officers Law art 6). They appeal from a judgment denying their petition, and respondent cross-appeals with respect to the court's determination that it is an "agency" within the meaning of Public Officers Law § 86 (3). We dismiss the cross appeal because respondent is not aggrieved (*see, Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482, 488; *Matter of Brown v Starkweather,* 197 AD2d 840, 841, *lv denied* 82 NY2d 653; *see also,* CPLR 5511).

Respondent, a municipal cooperative health benefit plan established by several educational entities (*see,* General Municipal Law § 119-o [1]; *see also,* Insurance Law § 4702 [e]), provides health insurance benefits to the employees and retirees of the participating entities pursuant to a municipal cooperation agreement (*see,* Insurance Law § 4702 [d]). Petitioners are employees of two of the participating school districts.

We conclude that respondent is an "agency" subject to FOIL requests because it was created to benefit public employers by allowing them "to * * * share, in whole or part, the costs of self-funding employee health benefit plans; provide * * * school districts and other public employers with an alternative approach to stabilize health claim costs; lower per unit administration costs; and enhance negotiating power with health providers by spreading such costs among a larger pool of risks" (Insurance Law § 4701 [a]). Respondent exists only to benefit public employers in their effort to provide health insurance to their employees, and we therefore reject the contention of respondent that it is a private entity akin to a private insurance company.

We further conclude, however, that the records sought by petitioners are exempt from disclosure (*see,* Public Officers Law § 87 [2] [d]). The Legislature has provided that "[i]t is the policy of this state to expand the alternatives available to public employers by permitting the development of municipal cooperative health benefit plans while, at the same time, establishing appropriate standards designed to promote fair competition and sound operation of such plans on an ongoing basis" (Insur-

ance Law § 4701 [c]). Respondent, by legislative design, is a commercial enterprise, and to permit disclosure of the records would "cause substantial injury to [its] competitive position" (Public Officers Law § 87 [2] [d]; *see, Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp.*, 87 NY2d 410, 418-419). "Where FOI[L] disclosure is the sole means by which competitors can obtain the requested information, the inquiry ends [t]here" (*Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp., supra,* at 420). (Appeals from Judgment of Supreme Court, Jefferson County, Gilbert, J.—CPLR art 78.) Present— Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Balio, JJ.